KEITH MURAUSKAS, Plaintiff-Appellant,
v.
ELLEN GUSMAN, Defendant-Appellee.
No. 29143.
Intermediate Court of Appeals of Hawaii.
June 30, 2009.
On the brief:
Keith Murauskas, Plaintiff-Appellant, pro se.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FUJISE, LEONARD, JJ.
In this appeal, Plaintiff-Appellant Keith Murauskas (Murauskas) contends that the District Court of the First Circuit, Honolulu Division (district court) erred by (1) denying his "Ex Parte Request for Default Judgment/Default Judgment by Clerk"[1] (2) dismissing his complaint for want of service;[2] (3) denying his "Motion to Order State of Hawaii to Allow Murauskas Access to the Court "[3] filed on May 15, 2007; (4) failing to file findings of fact and conclusions of law; and (5) failing to produce and transmit the full record on appeal to this court.
Upon careful review of the record and Murauskas's opening brief, and having given due consideration to the arguments advanced and the issues raised, we resolve Murauskas's points of error as follows:

A.
As to the first three arguments raised by Murauskas on appeal, the dispositive issue is whether the district court abused its discretion in dismissing Murauskas's complaint. The record on appeal indicates that Murauskas did not serve the underlying complaint upon Defendant-Appellee Ellen Gasman (Gasman) in accordance with relevant statutes and rules of the district court.
In the district court, " [i]n all civil actions, pleadings and papers shall be served as provided in the District Court Rules of Civil Procedure [(DCRCP)] ." Rules of the District Court of the State of Hawai'i (RDC) Rule 5 (1980) . "Upon the filing of the complaint the clerk shall forthwith issue a summons. Plaintiff shall deliver the complaint and summons to a person authorized to serve process." DCRCP Rule 4(a) (1996).
(c) Same: By whom served. Service of all process shall be made anywhere in the State by the sheriff or the sheriff's deputy or by the chief of police or the chief's duly authorized subordinate or by some other person specially appointed by the court for that purpose, or by any person who is not a party and is not less than 18 years of age.
DCRCP Rule 4 (c) (1996).
Murauskas did not have the sheriff, sheriff's deputy, chief of police, chief's duly authorized subordinate, or any nonparty who was eighteen years or older serve the complaint upon Gusman. Although Murauskas attempted to serve Gusman by certified mail, he was unsuccessful. Nevertheless, Murauskas did not seek an order from the district court pursuant to Hawaii Revised Statutes § 634-23 (2) (1993), which allows service by publication "if, after due diligence, the defendant cannot be served with process within the State [.] "
Pursuant to RDC Rule 28 (1980),
[a] diligent effort to effect service shall be made in all actions. An action or claim may be dismissed sua sponte with written notice to the plaintiff if no service is made within 6 months after the action or claim has been filed. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.
Murauskas filed his complaint on September 11, 2006. The complaint was dismissed on April 11, 2007, more than six months later. The record indicates that the district court notified Murauskas that his complaint would be dismissed if it was not served. Moreover, on November 15, 2006, a clerk of the district court informed Murauskas that the "[d]istrict [c]ourt does not serve documents on [d]efendants; you need to make arrangements yourself." The clerk also provided Murauskas with instructions on four methods for serving a claim on a party (by process server/registered or certified mail restricted delivery, with return receipt requested; disinterested third party; and personal service by the plaintiff) and a listing of process servers and their phone numbers.
In light of Murauskas's failure to serve the complaint on Gusman and the record, the district court did not abuse its discretion in dismissing Murauskas's complaint. Since Gusman was not served with the complaint, the district court properly denied Murauskas's ex parte request for a default judgment against Gusman.

B.
The district court was not required to issue findings of fact and conclusions of law in this case because the case was dismissed for failure to serve Gusman with the complaint and was not decided on the merits. DCRCP Rules 41(b) (1996) and 52 (a) (1996) .

C.
It is unclear to this court why Murauskas believes that the record on appeal transmitted by the district court is deficient. Attached to Murauskas's opening brief is a petition for writ of mandamus filed by him in Supreme Court No. 29099, in which he complained about the district court's September 28, 2007 striking of his notice of appeal. On April 24, 2008, the supreme court entered an order granting the petition and specifically directed as follows:
2. The clerk of the District Court of the First Circuit, Honolulu Division, upon receipt of the aforementioned papers, shall forthwith file the papers in Civil No. 1RC06-1-5037 without payment of filing fees, serve petitioner with file-stamped copies of the papers, and process the notice of appeal in accordance with [Hawai'i Rules of Appellate Procedure Rule] 11 (b).
The district court clerk appears to have complied with the supreme court's order.
Therefore, IT IS HEREBY ORDERED that the following orders and decisions of the district court are affirmed: (1) "Final Order of Dismissal" entered on April 11, 2007; (2) denial of Murauskas's "Ex Parte Request for Default Judgment; Default Judgment by Clerk"; and (3) denial of Murauskas's "Motion to Order State of Hawaii to Allow Murauskas Access to the Court [.] "
NOTES
[1] The Honorable Barbara P. Richardson entered the denial.
[2] The Honorable James H. Dannenberg entered the Final Order of Dismissal on April 11, 2007.
[3] In his motion to order the State of Hawai'i to allow him access to the court, Murauskas asserted his constitutional right to access to the courts and requested that the district court order the following individuals to "legally telephone call his prospective process server": "the Governor of the State of Hawaii Linda Lingle, the State's Attorney General, the Director of the [Department of Public Safety (DPS)] Eva Lani [sic] White, Contract Monitor John Ioane of the Corrections Division DPS, Warden Frank Luna of CCA/Red Rock, and Case Manager Jennifer Mata."